Argued and submitted September 11, 1989, affirmed on appeal and reversed on
cross-appeal February 21, 1990

# DURFLINGER,
*Appellant - Cross-Respondent,*

*v.*

# STATESMAN LIFE INSURANCE COMPANY,
*Respondent - Cross-Appellant.*

(16-87-08254; CA A50053)

787 P2d 892

Jeffrey E. Potter, Eugene, argued the cause for appellant - cross-respondent. With him on the briefs were Herb Lombard and Lombard, Gardner, Honsowetz, Brewer & Schons, Eugene.

Timothy F. Brewer, Eugene, argued the cause for respondent - cross-appellant. With him on the briefs was Flinn, Brown & Roseta, Eugene.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Plaintiff appeals the trial court's summary judgment for defendant on plaintiff's claims for damages for breach of a contract for medical insurance. Defendant cross-appeals, arguing that the trial court erred in awarding plaintiff attorney fees on his claims under a disability insurance policy issued by defendant. We affirm on the appeal and reverse on the cross-appeal.

On December 9, 1982, defendant issued separate medical and disability insurance policies to plaintiff. In January, 1983, he underwent heart surgery. Before the surgery, his doctor contacted defendant's agent to ascertain whether plaintiff had medical insurance coverage. The doctor was told that he did. On January 17, before plaintiff filed a claim and proof of loss with defendant on the medical policy, defendant informed him that it was denying benefits, cancelling coverage and refunding the premium for that policy, because plaintiff allegedly had a preexisting medical condition that he had not disclosed in his application for insurance. On March 30, 1983, before plaintiff filed a claim or a proof of loss on the disability policy, defendant advised him that it was also cancelling that policy and denying benefits.

In September, 1987, plaintiff filed a complaint seeking damages for defendant's refusal to pay under the medical policy. In August, 1988, the trial court granted plaintiff leave to amend the complaint to include a claim on the disability policy.[1] At that time, defendant moved for summary judgment on the medical policy claim. It did not seek a summary judgment on the disability policy claim, but tendered into the court the full amount prayed for by plaintiff under that policy. In September, 1988, the court entered judgment for plaintiff on the claim relating to the disability policy in the amount tendered by defendant, awarded costs, disbursements and attorney fees to plaintiff on that claim and entered judgment in favor of defendant on the claim under the medical policy.

---

[1] Plaintiff's amended complaint had two claims for relief, one on the medical policy and one on the disability policy. The claim on the medical policy claim had four counts: breach of contract, money had and received, promissory estoppel and outrageous conduct. The disability claim had three counts: breach of contract, money had and received and outrageous conduct.

Plaintiff argues that the trial court erred in granting defendant's motion for summary judgment on the breach of contract claim. Defendant argues that summary judgment was proper, because the claim was barred by the policy's three-year limit for bringing a legal action. The complaint was filed four and one-half years after the heart surgery. The pertinent language of the policy provides:

"LEGAL ACTIONS: No legal action may be brought to recover on this policy within 60 days after written proof of loss has been given as required by this policy. No such action may be brought after 3 years (5 years in Kansas, 6 years in South Carolina) from the time written proof of loss is required to be given."

Plaintiff contends that defendant may not rely on that provision, because defendant wholly repudiated the contract in 1983.

When one party to a contract has repudiated it, such as here, the other party to the contract has alternate remedies of accepting rescission of the contract and seeking restitution or bringing an action for damages under the contract. *Bollenback v. Continental Casualty Co.,* 243 Or 498, 414 P2d 802 (1966). Plaintiff seeks damages under the contract and, therefore, all of its terms are applicable. Plaintiff may not selectively enforce only favorable provisions of the contract. *Pickinpaugh v. Morton,* 268 Or 9, 519 P2d 91 (1974).

Plaintiff contends, however, that, as a matter of law, when defendant repudiated the contract, it waived the provisions setting a time limit on bringing a legal action. Alternatively, he argues that there is a question of fact as to whether defendant waived the time limit. We do not agree that, as a matter of law, defendant's repudiation of the contract waived the time limits if plaintiff were to choose to seek its enforcement. Furthermore, there is no evidence from which a trier of fact could conclude that defendant expressly or impliedly waived the time limit in the policy.

Plaintiff also argues that, even if the time-limit provision is applicable, it was never triggered. He relies on the policy language that no legal action may be brought "after three years * * * *from the time written proof of loss is required to be given.*" (Emphasis supplied.) He contends that he never filed a proof of loss because liability was denied by defendant

before he could do so; therefore, defendant waived the requirement of filing a proof of loss and the three-year time limit never began to run. We disagree. Although it is correct that plaintiff did not have to file a proof of loss, because defendant denied liability, *Farley v. United Pacific Ins. Co.,* 269 Or 549, 563, 525 P2d 1003 (1974), under the policy language the actual filing of a proof of loss is not a prerequisite to the time limit beginning to run. The time runs "from the time written proof of loss *is required to be given.*" (Emphasis supplied.) The policy provided that proof of loss must be filed within one year after the covered loss. The three-year time limit expired before plaintiff filed his complaint in August, 1988. The trial court correctly granted summary judgment on the breach of contract claim.

■ ■ Plaintiff also argues that the trial court erred in granting defendant a summary judgment on his claim for money had and received. He argues that the facts alleged support this claim and that the time limit on the contract does not bar it, because it is not an action at law on the contract, but an equitable action. Money had and received is not a proper action to recover damages for breach of contract. *Bollenback v. Continental Casualty Co., supra,* 243 Or at 504-05. Despite plaintiff's attempt to apply a different label, this is an action to recover damages for defendant's breach of the medical insurance policy.

■ Plaintiff also argues that the trial court erred in granting defendant a summary judgment on his estoppel claim, which is based on the representation allegedly made by defendant's agent just before plaintiff's surgery that he had "health coverage in place." Plaintiff argues that, as a result of that representation, defendant is estopped to deny that the medical expenses are payable under the policy. However, defendant did not make any false representation to plaintiff. At the time that its agent advised plaintiff's doctor that he had medical coverage the medical insurance was, and was expected to remain, in effect. Summary judgment on this claim was also proper.

Defendant cross-appeals, arguing that the trial court erred in awarding plaintiff attorney fees pursuant to *former* ORS 743.114,[2] which provided in part:

---

[2] ORS 743.114 was renumbered in 1989 as ORS 742.061.

"If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and in the appeal thereon."

Defendant argues that plaintiff was not entitled to attorney fees, because he did not recover an amount in excess of defendant's tender. Plaintiff does not contend that the amount recovered was in excess of defendant's tender but argues that the tender was untimely, because it was made after the commencement of litigation. Plaintiff asserts that the purpose of ORS 743.114 is to encourage the settlement of insurance claims without litigation and that, if insurers are allowed to wait to make offers until after litigation is commenced and still avoid paying attorney fees, that purpose will not be served.

■ ■ The plain language of the statute, however, cannot support plaintiff's argument. ORS 743.114 does not include a requirement that an offer be made before the commencement of litigation.[3] It provides that settlement must be made within six months from the date a proof of loss is filed with an insurer. Here, no proof of loss was ever filed. However, as discussed above, in view of defendant's denial of liability, it was not necessary that one be filed. Under these circumstances, the filing of a complaint is the equivalent of filing a proof of loss, because it gave the insurer "full knowledge of plaintiff's intention to hold it liable for performance of the contract." *State Highway Com. v. DeLong Corp.*, 9 Or App 550, 585, 495 P2d 1215, *rev den* 411 US 965 (1972), *rev den* 412 US 944 (1973); *State v. Claypool*, 145 Or 615, 28 P2d 882 (1934). Here, plaintiff's amended complaint that included the claim on the disability policy was filed in August, 1988. Defendant made a timely tender under ORS 743.114.[4]

---

[3] In contrast to ORS 743.114, other statutes, such as ORS 20.180, specifically provide that, in order to avoid attorney fees, an offer must be made before the commencement of litigation.

[4] Plaintiff also contends that the filing of the amended complaint was not its first demand under that policy. We find nothing in the record to support that contention.

■ Plaintiff also argues that, even if we determine that a timely offer made after litigation is commenced may defeat a party's right to attorney fees, it should only prevent payment of fees incurred after the offer. Plaintiff contends that that approach would be consistent with ORCP 54E. However, although ORCP 54E does have specific language authorizing such a procedure, it is not applicable here. The governing statute, ORS 743.114, does not include the rule's limitation. The trial court erred in awarding plaintiff attorney fees.

Affirmed on appeal; reversed on cross-appeal.